ON REHEARING
Before BROWN, GASKINS, CARAWAY, PEATROSS and LOLLEY, JJ.
CARAWAY, J.
hWe granted rehearing to reconsider our earlier opinion in this case. In our earlier opinion, we affirmed Cornelious George’s motion for summary judgment against Greg Williams Logging, LLC, and its workers’ compensation insurer, Stone-trust Commercial Insurance Company (collectively referred to as “Stonetrust”). After further review, we find genuine issues of fact that preclude a motion for summary judgment. As a result, we reverse our original opinion and remand for a trial on the merits.
While the facts were discussed in detail in our prior opinion, a recitation of the material facts will illustrate why a reversal is necessary in this case. Cornelious George was employed as a log truck driver with Gregg Williams Logging, LLC from January 28, 2007 until February 7, 2009. On May 18, 2008, while on the job, George was involved in a motor vehicle accident.[1] Although George was not at fault in the *20 accident, two women in the other vehicle were killed. George sustained minor injuries as a result of the accident. Nevertheless, on May 20, 2008, two days later, George returned to work and in fact worked until he was terminated in February 2009. The employer’s asserted reason for the termination was for George’s insubordination.
After the accident, Stonetrust paid medical benefits relating to the accident. George argues that he began experiencing physical and mental symptoms which he claims are related to the accident. In December 2008, |2George saw Dr. Self regarding these physical symptoms. After Stonetrust recommended he switch doctors, George saw Dr. James Finley, an orthopedic surgeon, on January 18, 2009, regarding his wrist injury and carpal tunnel disease. He continued working until he was fired on February 7, 2009. George claims that he did not receive notice that he was fired until after Dr. Finley decided he should not return to work on February 12, 2009. That fact is in dispute.
Five days after he was fired, George returned to Dr. Finley, who then recommended that George see a psychiatrist because he thought that a psychiatrist was “probably going to give him more relief than anything else.” At this time, Dr. Finley first gave George an excused absence from work that was extended until George met with Dr. Herbert Vandenberg, a psychiatrist, for his mental symptoms. George was not diagnosed with Post Traumatic Stress Disorder (“PTSD”) until his first meeting with Dr. Vandenberg, on March 30, 2009. When Dr. Vandenberg diagnosed George with PTSD, George did not inform him that he had returned to work after the accident for over eight months, had recently been fired, and had prior convictions for manslaughter and domestic abuse violence.

Discussion

In response to the filing of this action by his employer, George reconvened with his claim for disability by his Form 1008 filing. To the extent that George claims a physical disability and temporary total disability (“TTD”) benefits, Section 1221(l)(c) of the Workers’ Compensation Act places upon the employee the burden of proof to show by clear and | oconvincing evidence that he is unable to engage in employment. La. R.S. 23:1221(l)(c). George’s additional claim for a mental injury is specifically addressed under Section 1021 of the Act which provides, in pertinent part, as follows:
La. R.S. 23:1021(8)
(b) Mental injury caused by mental stress. Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.
(c) Mental injury caused by physical injury. A mental injury or illness caused by a physical injury to the employee’s body shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence.
(d) No mental injury or illness shall be compensable under either Subparagraph (b) or (c) unless the mental injury or illness is diagnosed by a licensed psychiatrist or psychologist and the diagnosis *21 of the condition meets the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association.
The workers’ compensation judge (“WCJ”) did not cite these standards in awarding TTD benefits or specifically identify the disabling condition rendering George unable to engage in employment. Instead, in violation of Section 1204 of the Act, the WCJ simply determined that the employer had improperly discontinued its voluntary payments of benefits to George. La. R.S. 23:1204.[2] This was error for the legal assessment of George’s claims, and from a summary judgment standpoint, the reach for |4such ruling in violation of Section 1204 obscured the genuine issues of material fact pervading George’s claims for the various physical and mental injuries he asserts.
From the record, we find no evidence of a physical injury which disabled George and which was proven to be caused by the accident. Also, as previously stated in the dissent to this court’s initial ruling, the diagnostic criteria of PTSD require the accurate reporting of the persistent symptoms of the patient. Traweek v. City of West Monroe, 30,571 (La.App.2d Cir.5/13/98), 713 So.2d 655, writ denied, 98-1936 (La.11/6/98), 727 So.2d 449. A psychiatric assessment and explanation of human behavior depends upon the credibility of the patient’s report. In this case, there are many factual issues surrounding George’s reporting to Dr. Vandenberg. Dr. Vandenberg testified that George did not report that he had returned to work after the accident and worked for over eight months until he was fired. Instead, George reported that his wrist injury was his reason for not working. Immediately prior to the hearing on the summary judgment, George was arrested again on charges including possession of a firearm by a convicted felon and possession of a Schedule III illegal drug with intent to distribute. Dr. Vandenberg admitted that he did not specifically ask George about any prior arrest or conviction. When asked by Dr. Vandenberg regarding prior legal problems, George denied such problems. Yet, in his deposition, George admitted his convictions prior to 2008 for manslaughter and domestic abuse violence. Therefore, Dr. Vandenberg’s diagnosis was made without knowledge of those prior traumatic criminal events.
|aFrom this review of George’s underlying reporting to Dr. Vandenberg, we find that there are genuine issues of material fact involving the diagnosis for PTSD. George’s credibility has been sufficiently called into question, rendering summary judgment inappropriate. The high standard for George’s proof for a mental injury under the Act has not been met. Accordingly, the motion for summary judgment in George’s favor is reversed.

Conclusion

The ruling of the WCJ is reversed and the case is remanded for further proceedings. Costs of appeal are assessed to ap-pellee.
REVERSED AND REMANDED.
BROWN, Chief Judge, dissents for reasons expressed in Judge LOLLEY’s original opinion.
LOLLEY, J., dissents for the reasons assigned in the original opinion.

. While some discrepancy exists in the pleadings regarding the date of the accident, some *20 pleadings have March 18, 2008 as the date of the accident, the plaintiff specifically accepted the defendant’s date of the accident as an uncontested fact in the summary judgment motion.

. La. R.S. 23:1204 provides: Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter.